776 P.2d 1199

STATE of Idaho, Plaintiff–Respondent,

v.

Maxwell HOFFMAN, Defendant–Appellant.

No. 17641.

Court of Appeals of Idaho.

July 7, 1989.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Maxwell Hoffman was convicted in the district court for Canyon County of aiding and abetting second degree kidnapping. I.C. §§ 18–204, –4501, –4503. For this offense, Hoffman received a unified sentence of ten years, with a five-year minimum period of confinement. On appeal, Hoffman contends that his conviction was reached by compromise due to the trial

judge's refusal to grant him a judgment of acquittal on a related charge of extortion. For the reasons explained below, we affirm the judgment of conviction.

The following facts are pertinent to this appeal. Hoffman was charged with aiding and abetting in the kidnapping, and aiding and abetting in the extortion, of Ricky Simonis on December 7, 1987. At trial, the state's case against Hoffman consisted primarily of Simonis' testimony. Simonis testified that he was abducted from his home by Hoffman and two other men, Ronnie Wages and Richard Holmes. Simonis stated that he was placed in an automobile with the three men and taken to Holmes' residence. Hoffman drove the vehicle. Simonis further testified that, prior to arriving at Holmes' residence, the men stopped at a convenience store, where—as Simonis was being held by Hoffman—Wages beat him. When the men reached Holmes' residence, Simonis testified that he was placed in a chair while another man, Victor Guzzy, shoved the barrel of a gun into Simonis' mouth, apparently in an effort to force Simonis to sign a bill of sale turning Simonis' truck over to Holmes for payment of a drug related debt. Simonis stated that, at some time during the altercation, he heard Hoffman say that he would like to break Simonis' jaw. Simonis also testified that, while Guzzy held the gun in his mouth, someone standing behind him—either Hoffman or Wages—repeatedly struck him on the back of his head, pushing the gun barrel farther down his throat. Simonis also stated that Hoffman held Holmes' gun in his hand while Simonis signed the bill of sale. At Holmes' request, Simonis dated the bill of sale for November 29, 1987, several days before his abduction. Simonis was then taken from Holmes' residence and was supposedly to be driven home by two of his assailants. However, Simonis was rescued by the Nampa City Police shortly after leaving Holmes' residence.

At the close of the state's case, Hoffman moved for acquittal on both the kidnapping and extortion charges, arguing that the state had failed to show sufficient evidence of Hoffman's involvement in the alleged crimes. The trial court denied Hoffman's motion regarding the kidnapping charge, but reserved ruling on the extortion charge until after the defendant presented his evidence. In defense, Hoffman called two witnesses. Debra Holmes, the wife of Richard Holmes, testified that, although Hoffman, Wages, Simonis and her husband were present at her home on the evening in question, there had been no altercation between the other men and Simonis. The second witness, Kenneth Hunnicutt, testified that he had helped Simonis prepare the bill of sale on November 29, 1987, several days before the alleged kidnapping and extortion.

At the close of his defense, Hoffman again renewed his argument for acquittal on the extortion charge, contending that the evidence against him was "weak." However, the trial judge decided to let the jury consider the extortion charge. He stated:

> I think that it is a thin case at best, a prima facie case against this defendant on the extortion charge.... [I]f in the final analysis I think the evidence was insufficient to support the conviction, you can renew your motion for a judgment notwithstanding the verdict. If the jury does what I think they will do, and that is acquit him on that charge [extortion], then it is a moot question.

The jury found Hoffman guilty of aiding and abetting second degree kidnapping, but acquitted him of committing extortion. On appeal, Hoffman contends that, by erroneously submitting the extortion charge to the jury, the court created a situation in which the jury may have compromised its verdict on the extortion charge in order to convict him of kidnapping. *See* 2 WRIGHT, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 2d § 461 (1982) (judgment of acquittal helps defendant avoid the risk that a jury may capriciously convict him without legally sufficient evidence of his guilt).

We first note our standard of review. Under I.C.R. 29, a motion for judgment of acquittal may be brought at any time by the defendant "if the evidence is insuffi-

cient to sustain a conviction of [the challenged] offense or offenses." In our view, the test of sufficiency is whether there is substantial and competent evidence to support a conviction—the same standard applied in appellate review of convictions. *State v. Mata*, 107 Idaho 863, 693 P.2d 1065 (Ct.App.1984). Elaborating on this standard, in *State v. Huggins*, 103 Idaho 422, 427, 648 P.2d 1135, 1140 (Ct.App.1982), we noted that:

> The trial judge must review the evidence in the light most favorable to the state, recognizing that full consideration must be given to the right of the jury to determine the credibility of witnesses, the weight to be afforded evidence, as well as the right to draw all justifiable inferences from the evidence. [Citations omitted.] Viewed in this manner, where the inculpatory evidence presented as to any essential element of the crime is so insubstantial that jurors could not help but have a reasonable doubt as to the proof of that element, a judgment of acquittal should be entered. [Footnote omitted.]

In the present case, we conclude that the trial judge properly denied Hoffman's motion for acquittal on the extortion charge. When viewed in a light most favorable to the state, the evidence shows that Simonis was abducted from his residence by Hoffman and his co-conspirators and taken to a place where he had little or no control over his well-being. Prior to arrival, Simonis was beaten by his assailants. While he was present at Holmes' residence, Simonis was threatened with violent physical injury if he did not relinquish control of his vehicle to Holmes. Although Hoffman was not responsible for all the threats made to Simonis, he did act in concert with the other members of the conspiracy when he threatened to break Simonis' jaw, and when he held Holmes' gun while Simonis signed the bill of sale. If the jury had chosen to believe Simonis' testimony in its entirety, the evidence would have been sufficient to support a verdict convicting Hoffman of the crime of extortion.[1]

Moreover, we find no support in the record for the suggestion that the jury convicted Hoffman on the kidnapping charge because of a compromise rather than because the evidence pointed to guilt. The evidence regarding Simonis' abduction and forcible transportation to Holmes' residence was largely uncontroverted. In addition, the testimony of the police officer who rescued Simonis indicated that Simonis had not been with his assailants by his own free will. We conclude from the trial record that there was ample evidence to independently convict Hoffman of the kidnapping charge. *See Webb v. State*, 580 P.2d 295 (Ak.1978) (guilty verdict on charge of accessory to first degree murder not reached by compromise where there was substantial evidence of crime to sustain jury's verdict).

The judgment of conviction is therefore affirmed.

---

1. Idaho Code § 18–2403(2)(e) states:
   A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will:
   1. Cause physical injury to some person in the future. . . .