988 P.2d 715

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gordon Ray MURPHY, Defendant–Appellant.**

No. 24962.

Court of Appeals of Idaho.

Sept. 17, 1999.

Featherston Law Firm, Sandpoint, for appellant.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Gordon Ray Murphy appeals from the judgment of conviction entered by the district court upon a jury verdict of guilty for lewd and lascivious conduct with a minor child under sixteen. I.C. § 18–1508. Murphy alleges that the district court erred when it denied his motion for post-trial investigative services and that trial counsel was ineffective for not moving for such investigative services at an earlier time. Murphy also asserts that the sentence imposed by the district court was an abuse of discretion. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Murphy was charged with lewd and lascivious conduct with a minor child under sixteen. He was found guilty by a jury. Following the verdict, Murphy moved for a judgment of acquittal pursuant to I.C.R. 29, contending that the "charge in this matter ... carries with it strong prejudice in the minds of jurors" and that the evidence was insufficient to support the jury's verdict. Murphy also

moved for the appointment of an investigator to aid in interviewing the jurors in support of the Rule 29 motion.

The district court heard argument on both of Murphy's motions and subsequently denied them. Murphy was sentenced to a unified nine-year term of incarceration, with three years fixed. He appeals.

## II.

### ANALYSIS

#### A. Investigative Services

Murphy alleges that the district court abused its discretion when it denied his motion for post-trial investigative services. When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Initially, we note that the transcript from the hearing on Murphy's motion for investigative services is not contained within the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 702 P.2d 910 (Ct.App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991).

In his notice of appeal, Murphy failed to request a copy of the transcript from the hearing on his motion for investigative services, but rather requested a transcript of the *sentencing hearings* conducted on July 31, 1998, and August 10, 1998. The court minutes from July 31 indicate that sentencing, originally scheduled for that date, was continued to August 10, and Murphy's motions were argued instead. Thus, the sentencing hearing was not held on July 31 and

the court reporter, understandably, did not construe Murphy's request for a sentencing transcript from that date to include a request for a transcript from the hearing on Murphy's motion for investigative services.

The record on appeal also does not contain an objection by Murphy to the reporter's transcript and clerk's record as prepared. Murphy had the affirmative duty pursuant to I.A.R. 29 to object to the record on appeal within twenty-one days if it was not to his satisfaction. He failed to do so. Moreover, the state indicated that Murphy had failed to provide the transcript from the hearing on the motion for investigative services and asserted that the record was inadequate for appellate review. The state, by its argument on appeal, put appellant's counsel on notice that the necessary transcript was in fact missing from the record. However, counsel failed to move to augment the record as provided for by I.A.R. 30. Thus, appellate counsel had a minimum of two opportunities to ensure that the record on appeal was to his satisfaction, but took advantage of neither.

Although portions of a transcript missing on appeal are presumed to support the actions of the district court, *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct.App. 1992), in the instant case, this Court need not rely on this presumption. Contained within the record on appeal are the court minutes from the hearing on Murphy's motion. Although we strongly suggest that appellate counsel not rely on the district court minutes to provide an adequate record for this Court's review, the minutes are such that meaningful review of Murphy's claim is possible. Therefore, it cannot be said that appellate counsel's failure to include the transcript from the motion hearing is fatal to Murphy's appeal.

Murphy argues that the post-trial investigative services were necessary to an adequate defense and, therefore, he was denied his right to both due process and equal protection by the district court's denial of his motion for such services. Idaho Code Section 19–852(a)(2) states, in relevant part, that an individual who is being detained under a

conviction of a serious crime is entitled to be provided with the necessary services of representation, including investigation. The statute recognizes that there are cases where a criminal defendant's right to a fair trial may be jeopardized unless there is access not only to an attorney, but also to certain specialized aid in the preparation of a defense. *State v. Olin,* 103 Idaho 391, 394, 648 P.2d 203, 206 (1982). Included within the scope of I.C. § 19–852(a) are the Fourteenth Amendment requirements of due process and equal protection as they apply to indigent defendants. *Id.* However, the Constitution does not require the state to provide investigative assistance merely because a defendant requests it. In determining whether to provide additional assistance at public expense, the Idaho Supreme Court has held that such assistance is not "automatically mandatory." *State v. Powers,* 96 Idaho 833, 838, 537 P.2d 1369, 1374 (1975). It is incumbent upon the trial court to consider the needs of the defendant and the facts and circumstances of the case, and then decide whether an adequate defense is available to the defendant without the assistance of the requested expert or investigative aid. *State v. Row,* 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998). Such "a denial of a defendant's request for expert assistance or investigative assistance will not be disturbed absent a showing that the trial court abused its discretion by rendering a decision which is clearly erroneous and unsupported by the circumstances of the case." *Olin,* 103 Idaho at 395, 648 P.2d at 207.

■■■ Murphy's request for post-trial investigative services was for the purpose of assisting him with preparation for his argument of the motion for acquittal brought pursuant to I.C.R. 29. In Murphy's I.C.R. 29 motion, he stated that he was "in the process of polling the jurors regarding the charge and deliberations." In that motion, Murphy alleged that the charge of lewd and lascivious conduct "carries with it strong prejudice in the minds of jurors" and that there was insufficient evidence to support the jury's verdict. In Murphy's motion for investigative services, Murphy sought an investigator to assist in "the polling the jurors regarding the deliberations and potential prejudice present with a charge of the nature

of this matter." However, jury prejudice is not an appropriate basis of a motion for acquittal under I.C.R. 29 because upon such a motion, the trial court reviews the record to determine whether the verdict it supported by the evidence. *See State v. Hoffman,* 116 Idaho 480, 482, 776 P.2d 1199, 1201 (Ct.App.1989) (When the defendant moves under I.C.R. 29 for a judgment of acquittal, the trial court, viewing the evidence in the light most favorable to the state, must determine whether the inculpatory evidence presented as to any essential element of the crime is so insubstantial that jurors could not help but have a reasonable doubt.). Therefore, interviewing the jurors was not necessary when Murphy sought acquittal pursuant to I.C.R. 29 because the district court reviewed the evidence when it determined whether to grant that motion. Moreover, any potential bias the jurors may have had against Murphy should have been explored during voir dire, not after the jury returned a finding of guilt. *See State v. Hartwig,* 112 Idaho 370, 372, 732 P.2d 339, 341 (Ct.App. 1987) ("In selecting a jury, a defendant has the opportunity to conduct voir dire examination of the jury panel in order to develop information to help identify those potential jurors who are or may be so biased that the defendant's right to a fair trial may be abridged."). Therefore, the district court properly denied Murphy's motion for post-trial investigative services because he failed to demonstrate a legitimate basis for such services.

Additionally, the minutes from the hearing on Murphy's motion indicate that trial counsel attempted to contact the jurors both telephonically and by letter. Apparently the jurors chose not to speak with trial counsel. Thus, investigative services were not necessary because the jurors had already indicated an unwillingness to discuss the case.

Moreover, after it rendered its verdict, the jury was instructed:

The question arises as to whether you can or should talk about this case . . . . for your guidance, I'll advise you that whether you talk about it is up to you. You may but you are not required to . . . .

No one should harass you. And if that should happen, you may bring that to the attention of me or to the court security officer....

The district court recognized that further efforts to interview the jurors about their deliberations would be inappropriate in light of the court's instructions upon dismissal of the jury. Murphy's trial counsel attempted to contact, albeit it unsuccessfully, the jurors via multiple methods and, thus, any attempted contact by an investigator may well have been considered harassment by the jurors. Based on the district court's own instructions, such harassment would have been reportable to the court. Therefore, it would have been improper for the district court to sanction such action.

Based on the totality of the record, this Court cannot conclude that the district court abused its discretion when it denied Murphy's motion for post-trial investigative services.

## B. Ineffective Assistance of Counsel

■ Murphy alleges that trial counsel was ineffective for failing to bring the motion for post-trial investigatory services at an earlier time. As this Court has stated on numerous occasions, a claim of ineffective assistance of counsel is an issue rarely appropriate on direct appeal from a judgment of conviction; rather it is usually reserved for post-conviction relief proceedings, where a more complete evidentiary record can be developed. *State v. Osborne*, 130 Idaho 365, 372, 941 P.2d 337, 344 (Ct.App.1997); *State v. Koch*, 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct. App.1989). However, in this case we will consider Murphy's claim.

■ In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693–94 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). The failure to file a motion is considered deficient performance by counsel if there were a reasonable probability that the motion would have been meritorious. *State v. Porter*, 130 Idaho 772, 794, 948 P.2d 127, 149 (1997).

Murphy contends that the district court concluded that the motion for investigative services would have been granted had it been pursued at an earlier time. This Court's review of the district court minutes indicates that the district court found that Murphy's contention regarding a juror's use of a hearing aide during the trial should have been raised at an earlier time. Insofar as Murphy's motion for investigative services is concerned, the district court properly denied the motion because Murphy failed to adequately show why such services were needed. Nowhere in the record does the district court indicate that had the motion for investigative services been brought sooner it would have been granted.

Murphy has failed to show a reasonable probability that the motion for post-trial investigative services would have been meritorious. Therefore, Murphy has failed to establish either that trial counsel's conduct in failing to request such services at an earlier stage of the proceedings was deficient or that Murphy was prejudiced thereby. Thus, Murphy's ineffective assistance of counsel claim fails.

## C. Sentence

■ Murphy argues that the sentence imposed by the district court was an abuse of discretion. Murphy was sentenced to a unified term of nine years, with three years fixed. The maximum sentence for a person convicted of lewd and lascivious conduct with a minor child under sixteen is life imprisonment. I.C. § 18–1508. Thus, the sentence imposed is not unlawful.

494

■ Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel,* 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson,* 124 Idaho 179, 857 P.2d 658 (Ct.App.1993).

■ We first note that the record on appeal also does not contain the presentence investigation report relied on by the district court when it sentenced Murphy. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko,* 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason,* 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App.1991). Further, any missing portions of the record are presumed to support the trial court's ruling. *State v. Wolfe,* 99 Idaho 382, 390, 582 P.2d 728, 736 (1978); *State v. Williams,* 126 Idaho 39, 45, 878 P.2d 213, 219 (Ct.App.1994). Thus, we presume that the presentence investigation report that the district court had before it when it sentenced Murphy supports the imposition of the unified nine-year sentence, with three years fixed.

■ Murphy contends that the district court improperly penalized him for exercising his right to trial. At sentencing, the district court commented on Murphy's continued claim of innocence. He argues that the sentence was imposed vindictively to penalize him for exercising his right to plead not guilty and to force the state to prove his guilt. It is not improper for a trial court to consider a defendant's failure to accept responsibility in determining whether rehabilitation efforts would be fruitful. *State v. Brown,* 131 Idaho 61, 73, 951 P.2d 1288, 1299 (Ct.App.1998). However, when an appellant claims vindictiveness in sentencing, this Court reviews the totality of the circumstances and examines the entire record before it. *Id.* at 72, 951 P.2d at 1299.

Murphy argues that the reasoning in *Brown* is not controlling because the district court did not enunciate why the sentence was necessary in the instant case. We disagree. Nowhere in *Brown* is this Court's holding so limited. Moreover, the appellate courts of this state adhere to the proposition that a sentencing court need not express its reasons for the imposition of a particular sentence. *State v. Newman,* 124 Idaho 415, 418, 860 P.2d 618, 621 (1993); *State v. Bjorklund,* 126 Idaho 656, 659, 889 P.2d 90, 93 (Ct.App.1994).

During sentencing, the district court stated:

The court will not grant the defendant probation because of his lack of recognition of what the evidence shows and because the—he is in need of incarceration which will provide an incentive for him to admit to the offense, and accept treatment with—on the basis of the truthfulness of the charge that was made against him. And the court declines to retain jurisdiction because for a sex offender the primary reason for sending one to the Cottonwood program or retain jurisdiction is to determine the amenability of probation and the defendant's lack of admission to this offense is the reason why there's no need to assess his amenability to probation.

The district court's comments addressed whether Murphy would be amenable to rehabilitation in light of his continued denial of guilt. The district court considered the protection of society when it stated that Murphy posed a threat. Having reviewed the entire record, and applying the totality of the circumstances test, we conclude that Murphy has failed to demonstrate that his sentence was the result of vindictive or punitive actions by the district court to punish Murphy's exercise of his right to trial.

## III.

### CONCLUSION

We hold that the district court did not abuse its discretion when it denied Murphy's motion for post-trial investigative services. Furthermore, the district court did not abuse its discretion when it imposed a unified nine-year sentence, with three years fixed for the crime of lewd and lascivious conduct with a minor child under sixteen. Therefore, the judgment of conviction and sentence are affirmed.

Judge LANSING and Judge SCHWARTZMAN, concur.