# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41039

| | | |
|---|---|---|
| JOHN B. KUGLER, | ) | 2014 Unpublished Opinion No. 695 |
| Plaintiff-Appellant, | ) ) | Filed: August 25, 2014 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| RON NELSON, DAVID J. POWERS, and WILLIAM J. ARMSTRONG, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendants-Respondents, | ) ) | |
| and | ) ) | |
| EDWIN F. PRATER and STEVEN L. KENNISON, | ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment dismissing action, affirmed.

John B. Kugler, Tacoma, Washington, pro se appellant.

Wright Brothers Law Office, PLLC; Brooke Baldwin Redmond, Twin Falls, for respondent.

---

LANSING, Judge

John B. Kugler appeals from the involuntary dismissal of his civil complaint. We affirm.

## I.

## BACKGROUND

Kugler and defendants Ron Nelson, Edwin Prater, David Powers, William Armstrong, and Steven Kennison were shareholders in H&M Distributing, Inc. and signatories to a stock subscription and cross-purchase agreement (shareholders agreement). Pursuant to the shareholders agreement, each party subscribed to purchase a specific number of shares. The

1

shareholders agreement provided that if any shareholder intended to sell his shares, he would provide written notice to each of the other shareholders who would then be given the opportunity to purchase those shares, in proportion to his ownership interest, at a subsequent corporate meeting.

On May 6, 2010, Kugler filed a complaint against the defendants alleging that Prater had sold his shares in H&M without notice to Kugler and that each of the defendants, save for Kennison, had purchased Prater's shares. The complaint sought monetary damages for breach of the shareholders agreement. Nelson filed an answer and a motion for summary judgment. The district court granted the motion for summary judgment, awarded attorney fees to Nelson, and included an Idaho Rule of Civil Procedure 54(b) certificate certifying the judgment as final. *See* I.R.C.P. 54(b).

Kugler appealed from this summary judgment. In an unpublished decision, this Court reversed, concluding that genuine issues of material fact existed concerning whether Nelson breached the shareholders agreement when he purchased the Prater stock and concerning the date of accrual of Kugler's cause of action for purposes of the statute of limitations. *Kugler v. Nelson*, Docket No. 39060 (Ct. App. June 22, 2012). Based upon these determinations, we also vacated the district court's award of attorney fees to Nelson and remanded. In the opinion, we mentioned that fraudulent concealment may play a part in the statute of limitations defense. We also noted some confusion in multiple court discussions regarding Kugler's unresolved motion to amend his complaint and stated that this matter could again be taken up on remand.

Kugler's motion to amend his complaint had been filed on December 20, 2010. In December 2012, six months after the remand from this Court, Kugler renewed the motion. Following a January 22, 2013, hearing, the district court denied the motion. The district court explained that it was denying the motion primarily because, as he had done prior to appeal, Kugler failed to provide a proposed amended complaint or otherwise provide any specific information about what additional claims he wished to assert. Kugler filed a motion for reconsideration and, three weeks later in February 2013, he submitted a proposed amended complaint for the first time since his initial motion to amend was filed in December 2010. The district court apparently denied the motion.

2

A court trial was conducted on April 2, 2013, to address Kugler's claims against Nelson, Powers, and Armstrong.[1] Kugler represented himself. At the close of Kugler's presentation of evidence, the district court granted the defendants' Idaho Rule of Civil Procedure 41(b) motion for involuntary dismissal on the ground that Kugler's evidence had shown no right to relief.

The district court thereafter awarded attorney fees to the defendants pursuant to Idaho Code § 12-120(3), holding that the case arose from a commercial transaction. Kugler appeals.

## II.

## ANALYSIS

Kugler lists ten[2] issues in his opening brief that can be categorized as follows: (1) claims that the district court erred by setting a trial date before some defendants had filed an answer and by refusing to postpone the trial; (2) error in denying Kugler's motion to amend the complaint; (3) error in the court's findings of fact and conclusions of law; and (4) error in awarding attorney fees to the defendants. The defendants raise as an additional issue on appeal a request for an award of attorney fees incurred on appeal.

Reasoned review of Kugler's claims of error is made difficult by the deficiencies in Kugler's appellate briefs and in the record on appeal. Kugler's appellate briefs contain no citations to the parts of the record relied upon, and the argument section of his brief contains no citations to authorities, both of which are required by Idaho Appellate Rule 35(a)(6). The only authorities included within his briefs are in a separate table of "Points and Authorities" (a component of appellate briefs that has not been required by the Idaho Appellate Rules for more than two decades). The argument section of his brief contains no further reference to these authorities, leaving it to this Court and the defendants to decipher which issue, if any, the cited authority applies to. Further, the argument sections of Kugler's brief do not address each issue in a separate section. Instead, they present one undifferentiated argument. This Court would be well justified in simply affirming the judgment below on the basis of this noncompliance with briefing standards and because some of the assignments of error are too vague and indefinite to

---

[1] Kugler voluntarily dismissed the claims against defendant Prater with prejudice on July 18, 2011, and the claims against defendant Kennison were dismissed by stipulation on November 27, 2012.

[2] Kugler lists nine issues in the "Issues Presented on Appeal" section of his opening brief and one issue in the "Points and Authorities" section.

be addressed. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). That being said, we will nevertheless discuss some of the issues for which we can discern the presentation of some argument. "That does not necessarily mean that the arguments we address were presented in a cogent manner but merely that they were asserted to the extent that the Court deemed them to have been marginally raised." *Id.* at 791, 229 P.3d at 1153.

## A. Complaints Concerning the District Court's Setting of a Trial Date and Other Pretrial Matters

Kugler contends that the district court erred by setting a trial date before defendants Powers and Armstrong had filed an answer. He also contends that he made numerous motions to vacate and continue that trial date because he did not have enough time to adequately prepare. Kugler also complains that the district court erred by not requiring Nelson to timely refund the attorney fees that Kugler had paid Nelson on the fee award predating the first appeal in this case. Kugler contends that he was prejudiced by this last error because he needed that money to hire an attorney to represent him at trial. None of these issues has been preserved for appellate review.

An issue that was not presented to the court may not be raised for the first time on appeal. *Bank of Commerce v. Jefferson Enterprises, LLC*, 154 Idaho 824, 828-29, 303 P.3d 183, 187-88 (2013); *Garner v. Bartschi*, 139 Idaho 430, 436, 80 P.3d 1031, 1037 (2003). It is well established that in order for an issue to be raised on appeal the record must reveal an adverse ruling which forms the basis for an assignment of error. *Idaho Power Co. v. Idaho Dep't of Water Res.*, 151 Idaho 266, 279, 255 P.3d 1152, 1165 (2011); *Montalbano v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 837, 843, 264 P.3d 944, 950 (2011); *Krempasky v. Nez Perce Cnty. Planning & Zoning*, 150 Idaho 231, 236, 245 P.3d 983, 988 (2010); *State v. Barnes*, 133 Idaho 378, 384, 987 P.2d 290, 296 (1999). The record brought before this Court does not include any motions raising any of these issues or any district court orders addressing any of these issues. If motions or objections were made and ruled upon at a hearing, the record on appeal contains no transcripts of any hearing in the time frame involved. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Belk v. Martin*, 136 Idaho 652, 660, 39 P.3d 592, 600 (2001); *State v. Murphy*, 133 Idaho 489, 491, 988 P.2d 715, 717 (Ct. App. 1999). Absent an adequate record, Kugler has neither shown that the issues were raised below or that the district court erred in addressing them.

4

**B.     Motion to Amend the Complaint**

Kugler next contends that the district court abused its discretion in denying his motion to amend the complaint. Under I.R.C.P. 15(a), once an answer has been filed a party may amend a pleading only by leave of court. Whether to grant leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of that discretion. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). Reasons for which leave to amend may be denied include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *McCann v. McCann*, 138 Idaho 228, 237, 61 P.3d 585, 594 (2002); *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 272, 561 P.2d 1299, 1305 (1977) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When reviewing for an abuse of discretion, we examine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 573, 903 P.2d 730, 738 (1995).

In the January 22, 2013, order denying the motion to amend, the court observed that the motion had been filed on December 20, 2010, and that a hearing on the motion had been set for January 3, 2011, but that hearing was continued. Thereafter, Kugler did not again notice the motion for hearing for over twenty-three months. The court held that there had been undue delay in presenting the motion to the prejudice of the defendants because, were the motion granted, it would necessarily compromise the April 2, 2013, trial date. Although we recognize that the motion could not have been heard by the trial court during the period from August 2011 to June 2012 while the first appeal in this case was pending, we also recognize that Kugler waited until half a year after the remand, and less than four months before the trial date, before scheduling the motion for hearing. The district court's denial of the motion to prevent prejudice to the defendants is not an abuse of discretion. Our Supreme Court has held that "if the opposing party would be prejudiced by the delay in adding the new claim . . . it is not an abuse of discretion for the trial court to deny the motion to file the amended complaint." *Black Canyon*, 119 Idaho at 175, 804 P.2d at 904. On appeal, Kugler has not discussed nor specifically challenged the

5

district court's determination that the defendants would have been prejudiced by Kugler's delay in presenting the motion.

The district court also denied the motion because Kugler had not submitted a proposed amended complaint or any description of the additional claims that an amended pleading would present. The court held that the defendants were prejudiced by these shortcomings because without this basic information, they could not address the motion on the merits. Again, the district court was correct. In addressing a motion to amend, "the court may consider whether the new claims proposed to be inserted into the action by the amended complaint state a valid claim." *Id.*; *see also Bissett v. State*, 111 Idaho 865, 869, 727 P.2d 1293, 1296 (Ct. App. 1986). In *Black Canyon*, our Supreme Court further stated: "If the amended pleading does not set out a valid claim . . . or if the opposing party has an available defense such as a statute of limitations, it is not an abuse of discretion for the trial court to deny the motion to file the amended complaint. *Black Canyon*, 119 Idaho at 175, 804 P.2d at 904. These holdings presuppose that a party seeking to amend a pleading must, at a minimum, reveal what new claims the proposed amended pleading will contain.

In this appeal, Kugler has not challenged this alternative rationale of the district court. He instead rests his claim of error on the general assertion that motions to amend a complaint should be "liberally granted" and asserts that an injustice has occurred. These assertions are insufficient to establish district court error.

Kugler also filed a motion to reconsider the district court's denial and finally submitted a proposed amended complaint on February 25, 2013, just five weeks before the trial date. Although it is not clear from his briefing on appeal, Kugler may also be challenging the district court's denial of this motion to reconsider. The record on appeal, however, contains no district court order addressing the motion to reconsider, and if the motion was ruled upon at a hearing, the record on appeal contains no transcript of that hearing. Again, we must affirm the trial court in the absence of an adequate record on appeal to support the appellant's claims.

## C. Findings of Fact and Conclusions of Law

The district court entered findings of fact and conclusions of law supporting its I.R.C.P. 41(b) involuntary dismissal of the complaint at the close of Kugler's case-in-chief. The district court there stated three reasons for dismissal. First, the court found that although Prater (whom Kugler had dismissed from the lawsuit) had sold his shares without providing written

6

notice to Kugler, the remaining defendants, Nelson, Powers, and Armstrong, had not breached the contract because they did not purchase Prater's shares. Instead, the court found, the shares were purchased by the corporation (which was not a party to the lawsuit), and the shares purchased by Nelson, Powers, and Armstrong on May 2, 2005, were acquired from reserved shares held by the corporation. Second, the court held that even if Nelson, Powers, and Armstrong *had* breached the contract, Kugler's complaint filed on May 6, 2010, was barred by the five-year statute of limitations for contract actions. The district court held that even assuming that fraudulent concealment would toll the statute, Kugler had presented no evidence of fraudulent concealment. Third, the district court held that the complaint must be dismissed because Kugler had not proven the monetary damages he sought in his complaint.

On appeal, Kugler makes various challenges to findings of fact concerning fraudulent concealment and damages, contending that they are clearly erroneous. This Court's review of a trial court's findings and conclusions after a bench trial is limited to whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009). It is the trial court's province to weigh conflicting evidence and testimony and to judge the credibility of witnesses, so this Court liberally construes the trial court's findings of fact in favor of the judgment entered. *Id.* This Court will not set aside these findings of fact unless the findings are clearly erroneous. *Id.* When the trial court based its findings on substantial evidence, this Court will not overturn those findings on appeal even if the evidence is conflicting. *Id.* Evidence is substantial if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *In re Williamson*, 135 Idaho 452, 454, 19 P.3d 766, 768 (2001).

Kugler's claims that the district court's findings of fact are erroneous cannot be reviewed because he has not provided a trial transcript in the record on appeal. It is impossible to determine whether the trial evidence supports the trial court's findings when that evidence is not available to this Court for review. As noted above, in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Belk*, 136 Idaho at 660-61, 39 P.3d at 600-01; *Murphy*, 133 Idaho at 491, 988 P.2d at 717. Therefore, the district court's findings must be affirmed. Further, we can discern no argument by Kugler that the district court made an incorrect application of the law to the *facts as found*. Therefore, we find no error in the district court's dismissal of Kugler's claims.

7

**D.     The District Court's Award of Attorney Fees to the Defendants**

On the defendants' motion, the district court awarded attorney fees pursuant to Idaho Code § 12-120(3), which mandates attorney fees in favor of the prevailing party in an action arising out of a commercial transaction. Kugler filed a motion for reconsideration, which the district court denied.

Under I.C. § 12-120(3), a prevailing party is entitled to an award of attorney fees if a commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover. *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, 755-56, 274 P.3d 1256, 1270-71 (2012); *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728, 152 P.3d 594, 599 (2007). All transactions other than those for personal or household purposes are commercial transactions. *See* I.C. § 12-120(3). In order for a transaction to be commercial, each party to the transaction must enter the transaction for a commercial purpose. *Carrillo*, 152 Idaho at 756, 274 P.3d at 1271.

Kugler first contends that this case did not involve a commercial transaction because "this was a personal matter" to Nelson and Powers and "nothing more than an accounting and redivision of assets." The record on appeal does not show that Kugler preserved this issue by objection before the district court. Even if he did, we have no hesitation in holding that this lawsuit concerned a commercial transaction. Kugler and the defendants jointly entered into a business venture by forming a for-profit corporation. Kugler sued his co-shareholders seeking damages for breach of the shareholders agreement. The Idaho Supreme Court has recognized that a lawsuit by a person to enforce the terms of a stock redemption agreement is a commercial transaction. *Taylor v. AIA Servs. Corp.*, 151 Idaho 552, 574, 261 P.3d 829, 851 (2011). We likewise hold that the gravamen of this lawsuit is a breach of contract claim arising from a commercial transaction because Kugler brought suit based upon a stock subscription and cross-purchase agreement. Kugler's argument to the contrary has no merit.

Kugler next argues that the defendants' attorney fee request was excessive. He asserts, without citation to any information in the record, that Nelson's attorney charged for the work of an additional attorney in the same firm whose assistance was unnecessary, that an attorney for defendants Powers and Armstrong overcharged for simply "filing a notice of appeal and a notice of withdrawal," and that the district court should have given Kugler an offset against the award to Nelson for costs which this Court awarded to Kugler as prevailing party in the prior appeal.

8

As stated above, an issue may not be raised on appeal unless it was preserved in the court below. Here, the district court's order notes that Kugler's written objection to the defendants' motion for fees did not contest the *amount* of the fees requested. Kugler has not included that objection in the record of this appeal, and therefore has not shown error in the district court's statement. The district court further noted that Kugler made some objections at a hearing on the motion, but as we do not have a transcript of that hearing, and as neither the district court's initial order on attorney fees nor its order denying Kugler's motion for reconsideration identifies these issues, Kugler has failed to provide a record showing that he raised below the objections that he now asserts on appeal. Additionally, the record contains no adverse district court rulings on these issues. Lastly, the record on appeal includes no evidentiary support for Kugler's assertions of fact. Accordingly, these claims of error will not be addressed in this appeal.

Finally, Kugler further alleges that defendant Powers claimed attorney fees for services that Kugler "believes" were unrelated to this case and that Powers made a claim for attorney fees that he did not pay but instead were paid by the corporation. Kugler has not identified, and we have not found, anything in the record that substantiates these allegations. The district court's order denying the motion for reconsideration held that "the court will not adjust the attorney's fees awarded here based upon vague claims which lie, if at all, in an independent action." Kugler has shown no abuse of discretion in this determination.

As Kugler has shown no error, the district court's award of attorney fees is affirmed.

## F. Attorney Fees on Appeal

The defendants contend that they should be awarded attorney fees incurred on this appeal under Idaho Code § 12-120(3). We agree. The defendants are the overall prevailing party and, as discussed above, the claims in this case arise from a commercial transaction. Therefore, as the prevailing parties, the defendants are entitled to attorney fees on appeal.

## III.

## CONCLUSION

The district court's judgment and orders are affirmed. Attorney fees and costs on appeal to the respondents.

Judge GRATTON and Judge MELANSON **CONCUR.**