759 P.2d 945

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph William NOONER, Defendant–Appellant.**

**No. 17048.**

Court of Appeals of Idaho.

Aug. 1, 1988.

Van G. Bishop, Van Bishop Law Offices, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal, following a jury trial, from a judgment of conviction and indeterminate sentence of five years for grand theft. The defendant, Joseph William Nooner, raises two issues relating to his sentence. He contends that the district court erred by basing the sentence on his failure to admit guilt, and that the length of the sentence was an abuse of the court's discretion. We affirm.

Succinctly stated, the facts presented at trial showed that Nooner had been observed taking a boxed VCR from an appliance store in Nampa, placing it in his car and driving away. Nooner and an associate were arrested nearby, approximately fifteen minutes after the crime occurred.

The VCR was never recovered by the police. The jury found Nooner guilty of grand theft.

During the sentencing phase, the following colloquy took place between the district judge and Nooner:

COURT: I'm going to ask you one time, Mr. Nooner, and I want you to tell me the truth. Did you take this VCR?

MR. NOONER: No, sir, I did not.

COURT: Why would you say that?

MR. NOONER: Because that is the truth.

COURT: That is not the truth. It might be part of your denial system, but it is not the truth. This is the same way you deal with your alcohol situation. Maybe it is because of the pressure of your family sitting in here and you have told them differently, but you are not going to get to first base with me or with your problems until you face the truth.

MR. NOONER: I have done some wrong things in my life, but I didn't do that. Maybe this is the Lord's way of me kind of getting things straightened out.

COURT: Well, I was seriously considering a suspended sentence, but I don't think I can do that with the position you're taking. I think that probably prison is going to be the only alternative. However, I am going to take a brief recess for about five minutes to allow you to think about this.

Upon reflection, Nooner maintained his innocence. The court subsequently imposed a five-year indeterminate sentence.

I

We turn first to Nooner's contention that the district court improperly relied upon Nooner's failure to admit his guilt in electing to impose a sentence of incarceration. Nooner contends that the judge's language, "Well, I was seriously considering a suspended sentence, but I don't think I can do that with the position you're taking," amounts to a determination that if Nooner had admitted his guilt he would have received a suspended sentence. Although a court may not consider as a sen-

tencing factor, that a defendant has required the prosecution to prove its case, *see* *Thomas v. United States*, 368 F.2d 941 (5th Cir.1966); *United States v. Acosta*, 509 F.2d 539 (5th Cir.1975); *United States v. Duffy*, 479 F.2d 1038 (2d Cir.1973), the court may properly consider a continued denial of guilt—despite a jury finding of guilt beyond a reasonable doubt—in determining whether a defendant has taken that first necessary step towards rehabilitation. *United States v. Floyd*, 496 F.2d 982 (2d Cir.1974). In the instant case the district court determined from the presentence investigation report that Nooner had a long history of denial of his criminal culpability. Thus, the sentencing judge had to make a determination regarding Nooner's potential for successful rehabilitation in light of *all* the factors available. As was explained by the Ninth Circuit Court of Appeals in *Gollaher v. United States*, 419 F.2d 520 (9th Cir.1969), *cert. denied*, 396 U.S. 960, 90 S.Ct. 434, 24 L.Ed.2d 424 (1969):

> It is almost axiomatic that the first step towards rehabilitation of an offender is the offender's recognition that he was at fault.
>
> . . . .
>
> But to the extent that rehabilitation is the objective, no fault can be found of the judge who takes into consideration the extent of a defendant's rehabilitation at the time of sentence.

■ We expressed a similar, though more restrained view in *State v. Lawrence*, 112 Idaho 149, 730 P.2d 1069 (1987). There, as here, a convicted defendant refused to acknowledge guilt. We said:

> Although a refusal to admit guilt usually should not be given much weight, the district judge in this case could not wholly ignore the issue as far as rehabilitation was concerned. The district judge did not rely solely on the appellant's refusal to admit guilt when he imposed sentence.

112 Idaho at 157, 730 P.2d 1077. In the present case the district judge did not rely solely upon Nooner's continued denial of guilt. The judge expressly noted the need to protect society from Nooner's lifestyle of alcoholism and crime. Accordingly, we hold that the district court's consideration of Nooner's failure to acknowledge his guilt after conviction, in light of all the evidence presented, did not constitute error.

## II

■ On the issue of whether the five-year indeterminate sentence was an abuse of discretion, Nooner postulates that the sentence was meted out largely due to irritation the court felt over Nooner's failure to admit guilt. Nooner contends that even with a record containing two prior felony convictions, the sentence is excessive and amounts to an abuse of discretion. In order to prevail on his claim Nooner must show a clear abuse of discretion. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981); *State v. Bartholomew*, 102 Idaho 106, 625 P.2d 1109; *State v. Birrueta*, 101 Idaho 915, 623 P.2d 1292 (1981); *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973). This he has failed to do. Under our now familiar standard announced in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Idaho App.1982), we deem the period of incarceration applicable to Nooner's sentence to be one-third of the five-year sentence. The maximum punishment authorized for grand theft is a fixed fourteen-year sentence. I.C. § 18–2408. We are not persuaded that the sentence in this case was an abuse of discretion. Accordingly, the sentence of the district court is affirmed.