783 P.2d 305

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James SORRELL, a/k/a Douglas H. Doolittle, Defendant–Appellant.**

No. 17361.

Court of Appeals of Idaho.

Sept. 27, 1989.

Petition for Review Denied
Dec. 19, 1989.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

WESTON, Judge, Pro Tem.

James Sorrell was found guilty in the district court for Ada County of committing lewd conduct with a minor and of committing an infamous crime against nature. I.C. §§ 18–1508, 18–6605. For these offenses, Sorrell was sentenced to concurrent indeterminate terms totaling ten and one-half years. On appeal, Sorrell argues that the district court erred by allowing the state to introduce, in rebuttal to evidence presented by the defense, a tape-recorded conversation between Sorrell and the victim's mother. Sorrell also contends that the sentences he received were excessive. For the reasons explained below, we affirm Sorrell's judgment of conviction and sentences.

The charges against Sorrell arose from several alleged sexual acts with his seven-year-old stepdaughter. Shortly after these incidents occurred Sorrell's wife, Trudy Cressy, secretly left Sorrell's house with her children—including the victim—and moved to her father's home in California. At trial Cressy appeared as a witness for the state. She testified, without objection, that part of her motive for leaving Sorrell was her fear of the defendant and her fear of reprisal when she confronted him about the alleged incidents with the victim. Sorrell took the stand in his own behalf. He

testified that Cressy's fear of him was unjustified. On cross-examination, he admitted to a specific tape-recorded incident where he had threatened Cressy and members of her family with physical harm. However, Sorrell testified that Cressy knew the threats were not meant to be taken seriously. The state subsequently offered the tape in rebuttal. Sorrell objected to admission of the tape, contending that it was neither proper rebuttal nor a correct form of impeachment testimony. The trial court overruled Sorrell's objection. The jury ultimately found Sorrell guilty of the crimes as charged. Sorrell was sentenced to an indeterminate fifteen-year term for lewd and lascivious conduct, and to a concurrent five-year indeterminate term for the crime against nature. Subsequent to the time of sentencing and before this appeal, the district court reduced Sorrell's sentence for lewd and lascivious conduct to ten and one-half years. I.C.R. 35. This appeal followed.

## I

■ We first address Sorrell's arguments regarding admission of the tape-recorded conversation. Sorrell submits that the tape-recording was improper rebuttal because he had admitted making the recorded statements, and because the state should have introduced the tape into evidence in its case in chief. Therefore, Sorrell submits that the state should have been prohibited from attempting to rebut what was essentially an uncontroverted fact. Furthermore, Sorrell argues that the tape-recording was incorrect impeachment, again because he admitted to making the statements. I.R.E. 613. Finally, Sorrell argues that the trial court should have excluded the tape-recording because its probative value was substantially outweighed by the danger of its prejudicial effect. I.R.E. 403.

■ Rebuttal evidence is evidence which explains, repels, counteracts, or disproves evidence which has been introduced by or on behalf of the adverse party. *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982). The fact that evidence could have

been presented during the state's case in chief does not automatically make it inadmissible for rebuttal. *State v. Rosencrantz*, 110 Idaho 124, 714 P.2d 93 (Ct.App. 1986).

Based upon our review of the record, we hold that the trial judge did not err by admitting the tape-recorded conversation. During the state's case in chief, Cressy testified about her fear of the defendant and as justification cited the threats made during the tape-recorded conversation. Cressy's state of mind was not directly relevant to prove the elements of the offenses with which Sorrell was charged; however, it may have been relevant to explain the delay in reporting the alleged abuse. In any event, Cressy's state of mind became an issue in the case without objection. The defense did not object to her testimony concerning her fear of the defendant. Neither did the defense object when Sorrell later was asked on cross-examination whether he had threatened Cressy. He answered that Cressy should have known that his remarks were not intended to be taken seriously. In response to this testimony by Sorrell, the state introduced the tape showing the angry tone in which Sorrell had spoken to Cressy. Against this background, we hold that the introduction of the tape was a permissible and proper form of rebuttal. The tape contradicted the defendant's testimony on issues that were in the case.

In reaching our conclusion, we decline Sorrell's invitation to establish a rule limiting the state's use of rebuttal evidence only to situations where the defendant has placed his testimony in controversy during direct-examination. Such a rule would impermissibly limit the state's ability to counteract any controverted statements made by the defendant or other witness upon cross-examination, and would be in direct opposition to the broad discretion afforded to trial judges regarding the admission of rebuttal evidence. *See State v. Olsen, supra.*

## II

We turn next to Sorrell's claim that his sentences are excessive. Sorrell contends

that his ten and one-half-year sentence should be reduced because he has never before committed a sexual offense of this nature. Sorrell also submits that, because he steadfastly refuses to take the blame for his actions, his chance of being paroled before the expiration of his entire sentence is remote. Therefore, he argues that his sentences should be reduced to a reasonable period.

 Upon appellate review, we will not disturb the trial court's sentencing decision absent an abuse of discretion. *See State v. Chacon,* 114 Idaho 789, 760 P.2d 1205 (Ct.App.1988). A sentence within the statutory maximum will not be deemed excessive unless the appellant shows that under any reasonable view of the facts, the term of confinement is longer than necessary to accomplish the primary objectives of protecting society, and achieving the related goals of deterrence, rehabilitation or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). No abuse of discretion occurs when a sentence is reasonable in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

Because Sorrell committed these offenses before the effective date (February 1, 1987) of the Unified Sentencing Act, I.C. § 19–2513, we presume the duration of his confinement under the sentences imposed is one-third of the total length of his indeterminate concurrent sentences—that is, a period of three and one-half years. *State v. Toohill, supra.* The nature of the crimes committed by Sorrell does not suggest that the sentences are unreasonable. Nor do the sentences appear unreasonable in light of Sorrell's background. The presentence investigation report indicated that Sorrell has a significant capacity for violence, and for manipulating or controlling others. It also indicated that Sorrell may suffer from continued psychological and substance-abuse problems. The presentence investigator concluded that Sorrell was not a viable candidate for probation.

At Sorrell's sentencing hearing, the trial judge noted that Sorrell continuously has denied any guilt. Sorrell now claims that such denial will lead to imprisonment beyond his parole eligibility. It is possible, of course, that Sorrell's continued refusal to acknowledge any wrongdoing—after the contrary has been adjudged—will interfere with his rehabilitation; and this, in turn could affect his candidacy for parole. However, that does not mean the sentences are excessive. So long as a judge does not use a sentence to penalize a plea of innocence, the judge may recognize the obvious relationship between rehabilitation and a defendant's acknowledgement of the need to change his behavior. *See State v. Lawrence,* 112 Idaho 149, 157–58, 730 P.2d 1069, 1077–78 (Ct.App.1986) (review denied).

Sorrell also argues that the sentences in this case are heavier than those imposed on many first-time offenders. Each case turns on its own merits. *State v. Ellenwood,* 115 Idaho 813, 770 P.2d 822 (Ct.App. 1989). Here, we conclude that the sentences are not disproportionate and that no abuse of sentencing discretion has been shown.

The judgment of conviction, including each sentence, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.