IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35978

| STATE OF IDAHO, | ) | |
| | ) | 2010 Opinion No. 9 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: February 16, 2010 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| TIMOTHY A. KELLIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County.  Hon. John R. Stegner, District Judge.

Judgment of conviction and concurrent unified sentences of life with fifteen years determinate for each of nine counts of lewd conduct with a minor under sixteen, fifteen years with five years determinate for one count of attempted lewd conduct with a minor under sixteen, and twenty-five years with fifteen years determinate for each of two counts of sexual abuse of a child, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Timothy A. Kellis appeals from his judgment of conviction for multiple counts of lewd conduct and sexual abuse of minors.  He argues that the district court erred by imposing harsher sentences as punishment for Kellis's continued assertion of innocence and by failing to give proper weight to the mitigating evidence.  We affirm.

I.

BACKGROUND

Kellis was initially charged with ten counts of lewd and lascivious conduct with a minor under sixteen, Idaho Code § 18-1508, and two counts of sexual abuse of a child, I.C. § 18-1506, for misconduct with teenage boys, much of which occurred at a Boy Scout camp where Kellis

was a staff member. Subsequently, one of the ten lewd conduct counts was amended to attempted lewd conduct with a minor under sixteen, I.C. §§ 18-306 and 18-1508. Kellis pleaded not guilty to all charges and went to trial before a jury. He was found guilty of all counts. The district court imposed concurrent unified sentences of life with fifteen years fixed for each of the nine counts of lewd conduct, fifteen years with five years fixed for the count of attempted lewd conduct, and twenty-five years with fifteen years fixed for each of the two counts of sexual abuse.

At the sentencing hearing, the district court made several comments on Kellis's lack of acceptance of responsibility for his actions. Among other things, the judge stated:

> I can't hold it against you, Mr. Kellis, that you took this case to trial. There are a number of statements in the presentence [report] that suggest that I hold it against you for exercising your constitutional right to testify. I don't think I can, as a judge, punish someone for the exercise of their constitutional rights. But what I do find offensive is that you have no remorse. You are not taking responsibility for the actions that you have been convicted of, and I can and do punish you for that.
> . . . .
> . . . I guess, given the fact that you have shown no remorse and have taken no responsibility, the easy question is whether I should impose a life sentence. I should impose a life sentence given that you haven't demonstrated any remorse and haven't taken responsibility for any of these offenses. . . .

Kellis argues that these remarks reveal that the district court violated his constitutional rights by imposing excessive sentences as punishment for Kellis's refusal to plead guilty and his continued assertion of innocence after the jury verdict. He also contends that, in fashioning the sentences, the district court failed to give proper weight to mitigating evidence.

## II.

### ANALYSIS

A. **Did the District Court Violate Kellis's Constitutional Rights by Imposing More Severe Sentences as Punishment for His Continued Assertion of Innocence?**

We exercise free review when determining whether constitutional rights have been violated in light of the facts of the individual case. *State v. Rogers*, 144 Idaho 738, 740, 170 P.3d 881, 883 (2007); *State v. Brauch*, 133 Idaho 215, 218, 984 P.2d 703, 706 (1999); *State v. Hedges*, 143 Idaho 884, 886, 154 P.3d 1074, 1076 (Ct. App. 2007).

It is improper for a court to penalize a defendant merely because he or she exercises the right to put the government to its proof at trial. *Stedtfeld v. State*, 114 Idaho 273, 276, 755 P.2d

2

1311, 1314 (Ct. App. 1988); *State v. Lawrence*, 112 Idaho 149, 157, 730 P.2d 1069, 1077 (Ct. App. 1986).  And because the defendant retains the right to appeal a judgment of conviction, a court may not coerce a defendant into sacrificing that right by threatening a more severe sentence if the defendant does not abandon his or her assertion of innocence.  *Id.*  In announcing these principles in *Lawrence*, we relied upon *Thomas v. United States*, 368 F.2d 941 (5th Cir. 1966), where at sentencing the district court had told the defendant:

> I am going to tell you something and I want you to think carefully before you answer.
> You have been proven guilty beyond a reasonable doubt by overwhelming evidence . . . .
> . . . .
> If you will come clean and make a clean breast of this thing for once and for all, the Court will take that into account in the length of the sentence to be imposed.  If you persist, however, in your denial, as you did a moment ago, that you participated in this robbery, the Court also must take that into account.  Now which will it be?

*Thomas*, 368 F.2d at 943-44.  The defendant in *Thomas* continued to assert his innocence and the court thereupon imposed the maximum possible sentence.  On appeal, the Fifth Circuit held that the sentencing court's comments amounted to an ultimatum that forced the defendant to choose between confessing--and thus relinquishing his post-conviction remedies and his Fifth Amendment right against self-incrimination--and suffering a harsher sentence if he did not confess.  *Id.* at 945.  This was an unconstitutional "judicially imposed penalty for exercising his constitutionally guaranteed rights."  *Id.* at 946.

Many state courts have adopted the *Thomas* approach, *e.g.*, *State v. Kamana'o*, 82 P.3d 401, 408-09 (Haw. 2003); *State v. Imlay*, 813 P.2d 979, 983-84 (Mont. 1991); *Bushnell v. State*, 637 P.2d 529, 531 (Nev. 1981), and most federal circuit courts of appeal that have considered this sentencing matter are generally in accord with *Thomas*.  *See United States v. Oliveras*, 905 F.2d 623, 626 (2d Cir. 1990); *United States v. Roe*, 670 F.2d 956, 973 (11th Cir. 1982); *Poteet v. Fauver*, 517 F.2d 393, 396 (3d Cir. 1975); *United States v. Hayward*, 471 F.2d 388, 390 (7th Cir. 1972); *Scott v. United States*, 419 F.2d 264, 268 (D.C. Cir. 1969).  *But see Gollaher v. United States*, 419 F.2d 520, 530 (9th Cir. 1969) (rejecting the *Thomas* analysis and holding that "[j]ustice is better served by a forth-right disclosure of the state of mind of the judge" and that "[t]o belabor a distinction between considerations [of amenability to rehabilitation] and a sentence which is in part imposed as a penalty for going to trial would be a waste of time.")  The

rights that may be implicated when a refusal to admit guilt is considered in sentencing include the defendant's right to a trial at which the government must prove guilt, *Lawrence*, 112 Idaho at 157, 730 P.2d at 1077; *State v. Regester*, 106 Idaho 296, 298, 678 P.2d 88, 90 (Ct. App. 1984), the right to appeal or seek other post-conviction remedies, *Lawrence*, 112 Idaho at 157, 730 P.2d at 1077; *Regester*, 106 Idaho at 298, 678 P.2d at 90; *Thomas*, 368 F.2d at 945, and the right against self-incrimination, *Id.*

While *Thomas* and its progeny, including our decision in *Lawrence*, establish that it is impermissible for a trial court to attempt to coerce a defendant into acknowledging guilt through threats of harsher punishment,[1] a court is not entirely prohibited from considering continued assertions of innocence as a factor in the sentencing decision. Rather, a court may properly consider a defendant's refusal to acknowledge guilt when evaluating the defendant's rehabilitation potential because acknowledgment of guilt is a critical first step toward rehabilitation. *State v. Stevens*, 146 Idaho 139, 148, 191 P.3d 217, 226 (2008); *State v. Sorrell*, 116 Idaho 966, 969, 783 P.2d 305, 308 (Ct. App. 1989); *State v. Nooner*, 114 Idaho 654, 656, 759 P.2d 945, 947 (Ct. App. 1988); *Lawrence*, 112 Idaho at 157, 730 P.2d at 1077. In *State v. Brown*, 131 Idaho 61, 72-73, 951 P.2d 1288, 1299-1300 (Ct. App. 1998), for example, we considered the following comments made by the district court at sentencing:

> Had you admitted your guilt at some point in this Court proceeding, you had an excellent chance, having acknowledged responsibility for these acts of having the benefit of the [retained jurisdiction] program. And you had that opportunity all the way up to just a few moments ago and you have not taken responsibility for these acts and you've had repeated opportunities to do so. You want to maintain your innocence, that's fine. The evidence shows otherwise. And you have to suffer the consequence.

On appeal, we held that the comments about accepting responsibility were not improper but, rather, expressed the court's concern that the defendant was not a good candidate for rehabilitation through the retained jurisdiction program. *Id.* at 73, 951 P.2d at 1300. The trial court in *State v. Murphy*, 133 Idaho 489, 494, 988 P.2d 715, 720 (Ct. App. 1999), made similar statements:

> The court will not grant the defendant probation because of his lack of recognition of what the evidence shows and because the--he is in need of

---

[1] Anything to the contrary in *State v. Nooner*, 114 Idaho 654, 759 P.2d 945 (Ct. App. 1988) is hereby overruled.

> incarceration which will provide an incentive for him to admit to the offense, and accept treatment with--on the basis of the truthfulness of the charge that was made against him. And the court declines to retain jurisdiction because for a sex offender the primary reason for sending one to the Cottonwood program or retain jurisdiction is to determine the amenability of probation and the defendant's lack of admission to this offense is the reason why there's no need to assess his amenability to probation.

Again, we found those comments were permissible because they addressed whether the defendant would be receptive to rehabilitative treatment. *Id.*

In this case, the district court's comments neither invited nor sought to coerce a confession from Kellis, but rather expressed the court's consideration of Kellis's continued assertion of innocence as it related to his amenability to rehabilitation. The district court issued no ultimatum and made no threat of harsher punishment if Kellis would not confess at the sentencing hearing. We acknowledge that the comment, "You are not taking responsibility for the actions that you have been convicted of, and I can and do punish you for that," is troublesome because, out of context, it could be interpreted as punishing Kellis for asserting innocence and putting the State to its proof at trial. As stated in *Murphy*, however, this Court must look at the entire record and place such statements in their context. In *Brown* and *Murphy*, comments that "you have to suffer the consequence" of continued assertion of innocence, and that the defendant was "in need of incarceration which will provide an incentive for him to admit to the offense," standing alone, also could have been viewed as imposing punishment for refusing to confess, but when viewed in the context of the entire record they were seen to be permissibly commenting on the defendant's amenability to rehabilitation. Such is the case here. In addition to the court's remarks quoted above, on which Kellis predicates his claim of a constitutional violation, the court also stated at sentencing:

> Now, the next criteria is that the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution. I find that that criteria has been met. I think you're in denial, Mr. Kellis. I shouldn't say I think you're in denial. I believe you're in denial. I don't know why four young boys as outstanding as they were would come in and testify to the acts that you committed upon them other than that was the truth. And now to say it didn't happen, leaves me little confidence that you can be trusted among civilized society or that you can be treated in a way that I think you need to be treated.
> . . . [I]n talking to people who treat sex offenders, the most important criteria is empathy. You have to be able to appreciate what you've done and to appreciate the position that you've put those young boys in. And unless and until

5

you develop empathy for the victims of these offenses, I don't have much hope that you will ever be released from the penitentiary.

. . . [R]ehabilitation will require, as a first step, that you recognize what you did wrong and that you empathize with your victims and you appreciate what you've done to them. . . .

. . . .

. . . When you don't believe you have harmed anyone, it's difficult for me to conclude that you wouldn't engage in similar behavior in the future.

. . . [W]hen you have no remorse and no empathy for your victims, I don't have much optimism that you can or will rehabilitate yourself. And if you can't rehabilitate yourself, then I don't have much hope that another crime isn't likely.

. . . .

I don't think I can punish you for going to trial. I think I said that earlier. That's your constitutional right. If I were to punish people for going to trial, I don't think I would be doing my job. But the next question is, have you shown remorse? Have you taken responsibility? And I can't conclude that you have. And as I say, I don't have much optimism that whatever sentence I impose, you will be released by the Parole Commission until you take responsibility, until you acknowledge what you've done, until you account for yourself and take responsibility.

The district court thus said multiple times that it could not and would not punish Kellis for exercising his constitutional rights, and the court continually linked its comments concerning Kellis's lack of remorse to his rehabilitation prospects. Placed in context, the district court's comments on which Kellis predicates error do not show that there was enhanced punishment for Kellis's refusal to confess guilt, but rather a permissible consideration of factors relevant to Kellis's prospects for rehabilitation.

**B.      Did the District Court Abuse Its Discretion by Imposing Excessive Sentences?**

Kellis next argues that his concurrent sentences, amounting to a unified life term with fifteen years fixed, are excessive. He maintains that the district court abused its discretion by not properly considering that Kellis was a first time offender, had friend and family support, was willing to enroll in treatment, and had a strong educational background and employment history. He contends that the court did not give sufficient weight to these mitigating factors.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender, and punishment or retribution. *State v.*

*Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). *See also* I.C. § 19-2521. Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Kellis has not shown that his sentences are excessive or unreasonable. He highlights elements that Idaho courts have identified as mitigating factors in sentencing, but every case turns on its own merits, *Sorrell*, 116 Idaho at 969, 783 P.2d at 308, and many of Kellis's claims of mitigation do not withstand scrutiny. For example, although Kellis did not have a criminal record, in the present case he was convicted of multiple acts of sexual abuse with multiple victims, which itself shows a substantial pattern of criminality. Additionally, the support from Kellis's family comes principally as an expression of their belief that he did not commit the crime, not that they will support his rehabilitation. Furthermore, Kellis's stated willingness to enroll in treatment is of modest consequence because, as the district court explained, a critical step in rehabilitation is acceptance of responsibility, which Kellis has not demonstrated. Considering the nature of his twelve felony offenses against minors, the impact on the victims and their families, and Kellis's apparent lack of receptivity to rehabilitative treatment, the sentences are not excessive.

### III.
### CONCLUSION

Because Kellis has not shown that the district court violated his rights at sentencing or that the district court abused its discretion in fashioning Kellis's sentence, we affirm the court's judgment of conviction and sentences.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**