**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 41034**

| | | |
|---|---|---|
| **TIMOTHY ANDREW KELLIS,** | ) | **2014 Unpublished Opinion No. 672** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: August 15, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Judgment dismissing action for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Timothy Andrew Kellis appeals from the summary dismissal of his petition for post-conviction relief, contending that the district court erred by dismissing on grounds not raised in the State's motion. We affirm.

**I.**

**BACKGROUND**

Following a jury trial, Kellis was convicted of nine counts of lewd and lascivious conduct with a minor under sixteen, Idaho Code § 18-1508; one count of attempted lewd conduct, I.C. §§ 18-1508, 18-306; and two counts of sexual abuse of a child, I.C. § 18-1506, for misconduct with four teenage boys, much of which occurred at a Boy Scout camp where Kellis was a staff member. This Court affirmed Kellis's conviction and sentence. *State v. Kellis*, 148 Idaho 812, 229 P.3d 1174 (Ct. App. 2010).

1

Kellis then filed this action for post-conviction relief, asserting a number of claims of ineffective assistance of counsel, and the district court appointed counsel to represent Kellis in the post-conviction action. The State filed a motion for summary dismissal. In response, Kellis filed an amended petition, his own affidavit, an affidavit of his post-conviction attorney, and various briefs with attached documentary exhibits. The State renewed its motion to dismiss, and the district court granted the State's motion. Kellis appeals. He contends that the district court erred because it dismissed on grounds different from the grounds identified in the State's motion, depriving him of notice and an opportunity to respond to the court's grounds for dismissal.

## II.

## ANALYSIS

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

A post-conviction action may not be summarily dismissed, however, unless the petitioner has been given twenty days' notice, either by the court or by motion of the State, and an

opportunity to respond before dismissal is ordered. I.C. § 19-4906(b); *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

To prevail on a claim of ineffective assistance of counsel, a post-conviction petitioner must show that the defense attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

One of Kellis's claims that he carries forward on appeal is that his defense attorney was deficient for failing to present evidence that the four victims in his case had made similar allegations against the Boy Scout camp director. The three other claims of ineffective assistance that Kellis pursues in this appeal allege counsel's failure to call certain witnesses: (1) an expert who could have examined the conduct of the four complaining witnesses with respect to whether the boys exhibited any symptoms common to victims of sexual abuse; (2) an expert to determine whether there was any physical evidence such as DNA on the sleeping bags or other property of the four boys; and (3) a witness who would have refuted one boy's testimony that Kellis had given him alcohol while on a trip to an amusement park.

Kellis asserts that the district court dismissed these claims on grounds different than those raised in the State's motion to dismiss, and that the district court was therefore required by Idaho Code § 19-4906(b) to give him twenty days' notice of the new grounds so he could respond to them prior to the dismissal decision. Kellis contends that because he did not receive notice of the grounds upon which his claims were ultimately dismissed, reversal is required.

If the district court dismisses on grounds not presented in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010). Therefore, if "the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days notice." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). The Idaho Supreme Court has held that when a district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in a motion for summary dismissal, the notice requirement has been met even if the court also relied on additional grounds. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. In *Kelly*, the petitioner argued that the district court erred because it dismissed several of his claims on grounds entirely different than those advocated by the State's motion. The State's motion asserted that dismissal was appropriate because Kelly presented no evidence to support his claims, and the State supported this argument by citing extensively from Idaho law. *Id*. at 522, 236 P.3d at 1282. The district court held that Kelly's petition was subject to dismissal for several reasons not raised by the State, but it also dismissed the claims on the ground that Kelly had not provided facts sufficient to support his claims. On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because, when a trial court summarily dismisses a petition for post-conviction relief based in part on the arguments presented by the State, the notice requirements of Idaho Code § 19-4906(b) are satisfied. *Id*. at 523, 236 P.3d at 1283.

As to each of Kellis's claims, we conclude that the district court did not dismiss on a ground not raised by the State in its motion.

## A. Failure to Present Evidence of the Victims' Allegations Against the Camp Director

Kellis's first point of error involves his post-conviction claim that his defense counsel was deficient for failing to investigate and present at trial evidence that the four victims in his case had made similar allegations of inappropriate touching against the camp director the

previous summer. Kellis asserts that the omitted evidence would show that the boys reported the camp director's misconduct immediately after it occurred, whereas the first allegations against Kellis were not made until approximately eight months after the alleged offenses. Kellis reasons that this evidence, had it been presented,[1] would have undermined the boys' credibility by showing that, if the allegations against him were true, they would have been reported without delay.

Kellis contends that the district court erred by dismissing this claim on grounds not raised by the State's motion and briefing. We disagree. The district court dismissed this claim based, in part, on a determination that Kellis had presented no admissible evidence in support of his claim. The State's brief in support of its motion clearly raised this as a basis for summary dismissal. The State argued that "the only support of this allegation to which the Petitioner points is a letter he allegedly sent to Tim McCandless . . ." and that the letter "doesn't even support his bare assertion that the four boys made prior inappropriate touching allegations, nor does it support his attack on the witnesses' credibility." Thus, the State argued that this claim was subject to dismissal on the same grounds as the district court--that it was not supported by admissible evidence.

Kellis further challenges the propriety of the summary dismissal of this claim on the merits. He contends that he supported this claim by submitting evidence consisting of the "deposition" of Tim McCandless (a Boy Scout executive), a letter from Kellis to McCandless and letters from McCandless to the camp director giving him a formal written warning for inappropriate touching, lack of respect for privacy, and lack of modesty. The portion of the record Kellis refers to as McCandless's deposition is not a transcript of a deposition but an affidavit of Kellis's post-conviction attorney purporting to summarize McCandless's deposition testimony. In the form provided, this material is inadmissible hearsay. *See* Idaho Rules of Evidence 801, 802. The "letters to the camp director," purportedly written by McCandless, are also attached to the attorney's affidavit and are, likewise, inadmissible hearsay. Because the attorney's representations as to what the deponent said, or as to what the letter says, would not be admissible at an evidentiary hearing for the truth of the matters asserted, they do not raise

---

[1]     In its order, the district court noted that evidence to this effect *was* presented at trial and emphasized in the defense's closing argument, but apparently not in the detail that Kellis would have liked.

material issues of fact sufficient to justify an evidentiary hearing. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Roman*, 125 Idaho at 647, 873 P.2d at 901; *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct. App. 1982).

Another attachment to the attorney's affidavit is a letter from Kellis to McCandless purportedly written at the time the allegations against the camp director arose.[2] The letter represents that the boys personally told Kellis of the camp director's misconduct, conveys the content of the boys' purported allegations, and states that Kellis is forwarding the information to facilitate the investigation by Scouting authorities. This letter attached to the attorney's affidavit is not admissible evidence because it also is hearsay. Although Kellis does not point it out in his argument on appeal, this letter was also attached to Kellis's affidavit in opposition to the State's motion to dismiss. Nevertheless, the letter remains inadmissible for the truth of its contents because it is not a sworn statement and Kellis's affidavit does not attest that the statements made in the letter are true. Kellis's assertion of error in the dismissal of this claim is without merit.

### B. Failure to Obtain "Expert with Respect to the Four Accusers"

Kellis's next claim was that his defense attorney should have retained an expert to examine the four boys to determine whether they exhibited any symptoms common to victims of sexual abuse. As to this claim, the State's argument below was that the claim was "speculative, bare, conclusory, [and] unsubstantiated by any fact." The district court dismissed on the grounds that "Kellis has failed to allege facts to support the first prong of the *Strickland* test." Thus, both the State's motion and the district court's dismissal were based on the absence of supporting evidence. Kellis was not deprived of notice of the grounds for the dismissal of this claim.

### C. Failure to Call DNA Expert

Kellis alleged that his defense counsel should have called an expert to determine whether physical evidence, such as DNA, could have been found on the victims' sleeping bags. The State moved to dismiss on grounds that the allegation was "purely speculative, bare, conclusory, [and] unsubstantiated by any fact." The court dismissed on grounds that "Kellis has not provided any facts that his trial counsel's decision not to obtain a DNA expert's assistance resulted from any objective shortcoming." While the district court's observation of lack of supporting

---

[2] The State contended below that Kellis's letter to McCandless was a concocted forgery, but the district court found it unnecessary to address this contention.

evidence focused narrowly on one element of the ineffective assistance claim on which Kellis had the burden of proof, whereas the State's argument more broadly complained of the lack of *any* supporting evidence, the district court's ground did not differ from that of which Kellis was given notice. The State's motion put Kellis on notice he had not provided admissible evidence to support all the elements of this claim, and the trial court found evidence on at least one element to be lacking.

### D.     Failure to Prevent or Rebut Evidence that Kellis Provided Alcohol to a Victim

During Kellis's trial, one of the victims testified that Kellis had purchased beer for the victim on one occasion. In his amended post-conviction petition, Kellis alleged that his defense attorney should have objected to this testimony and should have called a witness to rebut it. The State, in addition to arguing that the evidence was properly admitted, argued that even if his counsel's performance was deficient in regard to that evidence, Kellis had not shown any possibility of prejudice. The State argued that "the total evidence against the Petitioner in this case was incredibly compelling, and exclusion of J.S.'s testimony regarding the Silverwood trip and the alcohol purchase would not have impacted the outcome of the trial." In the district court's analysis it stated: "In the scheme of things, this evidence, that Kellis had *not* provided alcohol to one of the victims, had very little, if anything, to do with the results of the trial. Kellis certainly would have been convicted even if a witness had contradicted evidence that Kellis on some prior occasion provided alcohol to a minor. As Kellis has not presented any facts to suggest the result would have been different, Kellis has failed to allege facts sufficient to support his claim under the *Strickland* test." Thus, both the State's motion and the district court's dismissal were based, at least in part, on the absence of evidence of prejudice. Kellis was not without notice of the basis for the court's dismissal.

In his petition, Kellis asserted in a single sentence, as part of the "alcohol evidence" claim, that his trial counsel was ineffective by failing to raise an Idaho Rule of Evidence 404(b) objection to the boy's trial testimony that Kellis had given him alcohol. On appeal, Kellis contends that a remand is necessary because the district court failed to rule on this "part of the claim." We cannot agree. In its order addressing this claim, the district court reasoned that even if Kellis had proved that he did *not* provide alcohol to one of his victims, the alcohol issue "had very little, if anything, to do with the results of this trial." Thus, the district court inherently ruled that even if deficient performance could be shown, a claim of ineffective assistance of

7

counsel must fail because Kellis had not shown that he was prejudiced by counsel's failure to prevent admission of the witness's testimony.

## III.

## CONCLUSION

Kellis has not shown that the district court dismissed his post-conviction claims on grounds of which Kellis had not received notice, nor has he shown other error in the district court's decision. Therefore, the judgment summarily dismissing Kellis's application for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**