IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45079

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 27, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHELLE A. HOLT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Michelle A. Holt appeals from her judgment of conviction entered after a jury found her guilty of possession of methamphetamine. Holt makes two arguments on appeal. First, Holt argues the State committed prosecutorial misconduct in closing argument. Second, Holt asserts the district court violated her right to maintain innocence, her right to appeal, and her right to due process. Because there is no evidence of prosecutorial misconduct during closing argument or unconstitutional questions during the sentencing hearing, we affirm the district court's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Holt was charged with felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). The case proceeded to trial where the State presented two

1

witnesses, an officer, and a forensic scientist. The officer testified that he stopped Holt for an active arrest warrant, arrested her, and then searched her incident to the arrest. During the search, the officer found a baggie of crystal substance in Holt's jacket pocket that resembled methamphetamine. The forensic scientist testified that he tested the crystal substance and concluded, to a reasonable degree of professional and scientific certainty, that the substance was methamphetamine.

Holt testified in her own defense. Holt explained that in a rush to head to the store, she grabbed and put on clothes that were not her own. Holt testified that she hastily grabbed her outfit from a bag containing her friend's second-hand clothes that were ultimately to be donated.

During closing argument, the State discussed the elements of the drug possession charge. The State explained:

> The second part of element number three is that she possessed any amount of methamphetamine, so what a substance is, again, I submit to you that that's not really an issue for you. You can kind of check off that portion of the element. You heard from [the forensic scientist], who has over a decade of experience working as a scientist, tested this substance. He told you it's methamphetamine, so no real doubt as to that element, that it was methamphetamine, so the only word in element number three that you really have to look at is possessed . . . .

The jury found Holt guilty of possession of methamphetamine. The district court sentenced Holt to a unified term of seven years, with three years determinate, and retained jurisdiction. Holt timely appeals.

## II.

## ANALYSIS

### A.    The State Did Not Commit Prosecutorial Misconduct in Closing Argument

Holt asserts the State committed prosecutorial misconduct during closing argument. Holt argues the prosecutor's misconduct constitutes fundamental error requiring this Court to vacate Holt's conviction. Holt claims that, pursuant to the first prong of *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), her right to a fair trial was violated when the prosecutor misrepresented the State's burden of proof and bolstered the State's expert witness testimony during closing argument. We disagree.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in

reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Holt made no contemporaneous objection to the prosecutor's closing argument at trial. In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

Each statement that Holt objects to on appeal occurred during the prosecutor's closing argument. Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases "I think" and "I believe" altogether. *Id.*

Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Id.* at 87, 156 P.3d at 588. *See also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998). The prosecutor's closing argument should not include disparaging comments about opposing counsel. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998); *State v. Baruth*, 107 Idaho 651, 657, 691 P.2d 1266, 1272 (Ct. App. 1984).

**1.      The prosecutor did not misrepresent the State's burden of proof during closing argument**

Pursuant to the first prong of *Perry*, Holt asserts that her right to a fair trial was violated when the prosecutor misrepresented the State's burden of proof. During closing argument, the prosecutor asserted that the case was straightforward with only four elements to the crime, all of which were contained in Jury Instruction Number 12. Jury Instruction Number 12 stated:

> In order for the defendant to be guilty of Possession of a Controlled Substance (Methamphetamine), the state must prove each of the following:
> 1.      On or about 4th day of May, 2016;
> 2.      in the state of Idaho;
> 3.      the defendant, MICHELLE ALEXANDRIA HOLT, possessed any amount of methamphetamine, and;
> 4.      the defendant either knew it was methamphetamine or believed it was a controlled substance.
>
> If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

After briefly summarizing how the date and location of the crime must be proven, the prosecutor summarily concluded the jury heard testimony during trial to prove these two elements. The prosecutor utilized the same approach to present the third element of the crime, which is at issue on appeal.

To prove the third element of the crime of possession, the State must prove the defendant "possessed any amount of methamphetamine," therein requiring the State to prove the identity of the defendant, the act of possession, and the identity of the substance in possession. Here, the prosecutor explained the defendant's identity was not in question because Holt was identified and testified at trial. The prosecutor then addressed the identity of the substance in question and concluded "that's not really an issue for you. You can kind of check off that portion of the element." In support of the conclusion, the prosecutor described the testimony of the expert

4

witness, who tested the substance and determined it was methamphetamine. Finally, as to whether Holt knew the substance was methamphetamine--element number four--the prosecutor argued there was evidence Holt had a baggie in her pocket and her hands were inside the same pocket.

Holt argues that during closing argument, the prosecutor misrepresented the State's burden of proof by telling the jurors there was no doubt as to whether the State had proven the substance was methamphetamine. We are not persuaded by Holt's argument in this regard. The prosecutor presented the elements of the crime and attempted to explain why each element was proven by the evidence at trial. The only evidence that the substance was methamphetamine was provided by the testimony of the State's expert. Holt did not challenge that the substance was methamphetamine, only that she did not knowingly possess it. The State was within proper bounds to argue it had proved beyond a reasonable doubt that the substance was methamphetamine. At no time did the prosecutor reduce the burden of the State or explain an alternative standard was appropriate. Since the prosecutor merely argued why it satisfied the elements of the crime within the proper burden of proof, we conclude the prosecutor did not misstate the State's burden.

Furthermore, this case is distinguishable from *State v. Erickson*, 148 Idaho 679, 227 P.3d 933 (Ct. App. 2010), which Holt relies on in her brief. The Court in *Erickson* concluded fundamental error occurred because a prosecutor distorted the State's burden of proof during closing argument. *Id.* at 686, 227 P.3d at 940. There, the prosecutor invited the jury to create its own standard of proof and implied that the jury should convict because the prosecutor did the best it could. The prosecutor also implied that, without a conviction, the jury would ultimately change the standard of proof so no one could be convicted of the same offense in the future. We held that the statements in the closing argument deprived the defendant of a right essential to his defense because the prosecutor misstated the burden of proof. *Id.*

Unlike the prosecutor in *Erickson*, the prosecutor in this case did not suggest that the jury can set the standard of proof. Rather, the prosecutor clearly identified the jury instructions and the standards set forth within each element of the crime. The prosecutor in this case also did not comment on how a verdict of not guilty would alter the standard or proceedings in future cases. We therefore determine the closing argument in *Erickson* is distinguishable from the closing argument in this case. Thus, the prosecutor did not misstate the State's burden in this case.

5

**2. The prosecutor did not improperly bolster the testimony of its expert witness during closing argument**

Holt asserts the prosecutor's closing argument was improper because it bolstered the testimony of the expert witness. We are not persuaded because Holt fails to show how the prosecutor bolstered the expert witness in this case or how bolstering would constitute misconduct that rises to the level of fundamental error. Generally, Holt has not provided this Court with a framework through which we can consider the allegation of bolstering. We therefore cannot analyze the extent to which the prosecutor bolstered its expert witness because we received no relevant case law on appeal. For support, Holt cites to *State v. Carson*, 151 Idaho 713, 264 P.3d 54 (2011), which considers Idaho Rule of Professional Conduct 3.4 to determine whether a prosecutor expressed a personal opinion about the credibility of a witness. However, unlike *Carson*, the prosecutor's actions in this case are not challenged under I.R.P.C. 3.4, and Holt does not argue the prosecutor expressed a personal opinion about the credibility of a witness. Holt instead alleges error because the prosecutor bolstered the testimony of an expert witness, which was not considered by the Supreme Court in *Carson*. Since Holt fails to provide evidence of bolstering and only cites to *Carson* on appeal, we determine Holt fails to show that the prosecutor improperly bolstered the testimony of its expert witness.

Therefore, Holt does not present sufficient evidence on appeal that the prosecutor misstated the State's burden or bolstered the testimony of an expert witness. Consequently, Holt fails to show that her right to a fair trial was violated. Since Holt cannot show that an unwaived constitutional right was violated, she fails to satisfy the first prong of *Perry*. We need not proceed through the two remaining prongs of *Perry*. We conclude that the prosecutor's statements during closing argument did not constitute fundamental error in this case.

**B. The District Court Did Not Violate Holt's Constitutional Rights or Abuse Its Discretion During the Sentencing Hearing**

Holt argues the district court violated her right to maintain innocence, her right to appeal, and her right to due process by asking her multiple questions designed to elicit an admission of guilt. The State responds the district court did not err because it is well within the district court's discretion to consider whether Holt had testified truthfully.

Constitutional questions are questions of law over which we exercise free review. *State v. Sherman*, 156 Idaho 435, 438, 327 P.3d 993, 996 (Ct. App. 2014). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1

6

P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Holt takes issue with the following discussion during Holt's sentencing:

COURT: Did your attorney ever talk to you about being honest?
DEFENDANT: I don't think that specific topic has came up--
COURT: Okay.
DEFENDANT: --more or less in our case.
COURT: Your father ever talk to you about being honest?
DEFENDANT: Yes.
COURT: Okay. So you had an idea prior to coming into this hearing that it's important to be honest with the judge that's considering what to do with your situation. Would that be correct?
DEFENDANT: Yes.
COURT: All right. The story about getting the bag of clothes from someone you knew, I think it was your brother--I'm certainly familiar with your brother--is that true?
DEFENDANT: That's true.
COURT: You understand the jury did not buy that?
DEFENDANT: That's--yes, I was there.
COURT: Unanimously.
DEFENDANT: Yes.
COURT: Do you understand that I don't believe that? I find that to be preposterous.
DEFENDANT: Okay.
COURT: Do you want to stick by that story?
DEFENDANT: Yeah. That was true.
COURT: All right. I really don't have any other questions.

## 1. The district court's questions and comments did not violate Holt's constitutional rights

Holt primarily claims the district court's questions and comments amount to a violation of Holt's constitutional rights. Specifically, Holt asserts that the questions from the district court during sentencing were attempts to elicit an admission of guilt, which amounts to violations of Holt's right to maintain her innocence, right to appeal, and right to due process. In this case, the comments do not violate Holt's constitutional rights.

In *State v. Kellis*, 148 Idaho 812, 229 P.3d 1174 (Ct. App. 2010), this Court adopted the holding from *Thomas v. United States*, 368 F.2d 941 (5th Cir. 1966), which established that it is impermissible for a court to attempt to coerce a defendant into admitting guilt through threats of harsher punishment. *Kellis*, 148 Idaho at 814-15, 229 P.3d at 1176-77. In *Thomas*, the district court provided an ultimatum to the defendant that suggested the defendant would receive a lighter sentence if he admitted guilt, but would receive a harsher sentence if he continued to assert his innocence. *Thomas*, 368 F.2d at 943-44. The Fifth Circuit held that, in providing this ultimatum, the district court imposed an unconstitutional penalty on the defendant for exercising his constitutionally guaranteed rights. *Id.* at 946.

In *Kellis*, this Court adopted and then distinguished the holding from *Thomas*. We explained that although it is impermissible for a trial court to attempt to coerce a defendant into acknowledging guilt through threats of harsher punishment, a court is not entirely prohibited from considering continued assertions of innocence as a factor in the sentencing decision. *Kellis*, 148 Idaho at 815, 229 P.3d at 1177. According to the *Kellis* opinion, a district court may consider a defendant's refusal to acknowledge guilt when evaluating rehabilitation potential because acknowledgment of guilt is a critical first step toward rehabilitation. *Id.* There, the district court explained at sentencing it was offended because the defendant had no remorse, and the court was therefore punishing the defendant for not taking responsibility for his actions. *Id.* at 814, 229 P.3d at 1176. We held that the district court's comments were not improper at sentencing because they were relevant to rehabilitation and there was no evidence the court enhanced the defendant's punishment due to his refusal to confess guilt. *Id.* at 816-17, 229 P.3d at 1178-79.

Although it is impermissible for a district court to coerce a defendant into admitting guilt, we see no evidence of coercion in this case. Unlike *Thomas*, where the district court suggested the defendant would receive a lighter sentence if he admitted guilt and a harsher sentence if he asserted innocence, the district court here only asked Holt if she wanted to stick by her story. The district court in this case did not comment about Holt's potential sentence, nor did it indicate that Holt would receive a harsher sentence if she maintained her innocence. While the district court appears to question the credibility of Holt's story, the *Kellis* Court was clear that a district court's comments on the defendant's truthfulness are not necessarily improper. Therefore, the

district court did not violate Holt's constitutional rights because there is no evidence of coercion in this case.

### 2. Holt fails to assert how the district court abused its discretion

As an alternative to her constitutional claims, Holt argues the district court abused its discretion during sentencing due to the district court's questions and comments. Although Holt provides the proper abuse of discretion standard in her brief, she fails to analyze whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. Holt therefore fails to indicate which, if any, prong of *Hedger* was violated in this case. Holt instead briefly concludes that the district court's questions "certainly constitute direct evidence that the district court abused its sentencing discretion." Our Supreme Court has held that such a conclusory argument is fatally deficient. *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). Therefore, Holt's alternative argument fails.

### III.
### CONCLUSION

Because there is no evidence of prosecutorial misconduct during closing argument or unconstitutional questions during the sentencing hearing, we affirm the district court's judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.